UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY WILLIAM HARRISON,

    Plaintiff,

v.

Case No. 14-cv-13579
Hon. Matthew F. Leitman

DAVID L. GOLDSTEIN,

    Defendant.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING
THE COMPLAINT AND CERTIFYING THAT AN
APPEAL COULD NOT BE TAKEN IN GOOD FAITH**

**Background**

Plaintiff Stanley William Harrison ("Harrison") has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Harrison is presently incarcerated at the Charles Egeler Reception and Guidance Center in Jackson, Michigan. The defendant is David L. Goldstein ("Goldstein"), an attorney who was retained by Harrison's family to represent Harrison in a criminal matter.

Harrison alleges that Goldstein deprived him of effective assistance of counsel. Specifically, Harrison contends that Goldstein accepted only one phone call from him and neglected to file certain motions, including a motion to suppress evidence. Additionally, Goldstein allegedly failed to produce certain evidence, stipulated to

testimony about a 911 call, filed a motion without citing state or federal case law, and allowed illegally obtained evidence to be admitted at trial. Harrison alleges that Goldstein also operated under a conflict of interest because Goldstein knew the parents of the alleged victim. Harrison seeks a new trial and funds to pay for a different attorney.

## Legal Standard

> Section 1983 of Title 42, United States Code,
>
> creates a private right of action to vindicate violations of "rights, privileges, or immunities secured by the Constitution and laws" of the United States. Under the terms of the statute, " '[e]very person' who acts under color of state law to deprive another of a constitutional right [is] answerable to that person in a suit for damages." *Imbler v. Pachtman,* 424 U.S. 409, 417, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (citing 42 U.S.C. § 1983).

*Rehberg v. Paulk*, __ U.S. __, __, 132 S. Ct. 1497, 1501-02 (2012). "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988), and *Searcy v. Dayton*, 38 F.3d 282, 286 (6th Cir. 1994)).

The Court must dismiss a prisoner's complaint or any portion of the complaint if the action is frivolous or malicious, fails to state a claim for which relief may be

granted, or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

While a complaint need not contain "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## **Analysis**

Harrison's complaint is frivolous and fails to state a claim for which relief may be granted because it challenges a criminal conviction. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he

3

seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, Harrison's request for a new criminal trial is "cognizable only in federal habeas corpus, with its attendant requirement of exhaustion of state remedies." *Id*. at 499 n.14. Furthermore,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted)(emphasis in original). *Heck* and progeny,

> taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Harrison's complaint is barred by *Heck* and *Dotson* because he has not shown that his conviction was invalidated by state officials or called into question by a federal court on habeas corpus review, and success in this action would necessarily demonstrate the invalidity

4

of his conviction.

Defense attorneys, moreover, whether retained or appointed by the court, do not act under color of law when performing the traditional functions of counsel to a defendant in a criminal proceeding. *Floyd v. County of Kent*, 454 F. App'x, 493, 497 (6th Cir. 2012); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (private attorneys appointed by the court); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (retained criminal defense attorneys). Thus, Harrison has failed to prove an essential element of a civil rights action, namely, that Goldstein acted under color of state law.

Accordingly, **IT IS ORDERED THAT** the complaint is summarily dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as frivolous and for failure to state a plausible claim for which relief may be granted.

**IT IS FURTHER ORDERED THAT** an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443-45 (1962).

                                         /s/Matthew F. Leitman  
                                         MATTHEW F. LEITMAN  
                                         UNITED STATES DISTRICT JUDGE

Dated: October 22, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 22, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113
